# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### GEORGE A. WYLIE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 1104127   Lee V. Coffee, Judge**

---

**No.  W2013-00976-CCA-R3-HC  - Filed July 15, 2014**

---

The Petitioner, George A. Wylie, appeals the Criminal Court for Shelby County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

George A. Wylie, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and J. Ross Dyer, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 8, 2011, the Petitioner pleaded guilty to theft of property valued more than $1,000 and received a two-year sentence to be served in the county workhouse.  On August 12, 2011, the Petitioner was released on determinate release probation.  A probation violation warrant was issued on April 18, 2012, and the Petitioner's probation was revoked on August 17, 2012.

On December 11, 2012, the Petitioner filed a petition for writ of habeas corpus contending that he was entitled to pretrial jail credits.  The trial court dismissed the petition,

and the Petitioner did not appeal the dismissal.

On January 28, 2013, the Petitioner filed a second petition for writ of habeas corpus in which he claimed that the trial court lacked "territorial" jurisdiction. The Petitioner stated that although he was arrested in Shelby County, Tennessee, while driving the car that was subject to the theft conviction, the car was stolen in Pine Bluff, Arkansas. On March 3, 2013, the trial court entered an order dismissing the petition.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also Tenn. Code Ann. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Rule 18(d) of the Tennessee Rules of Criminal Procedure provides:

> In circumstances that give Tennessee jurisdiction to prosecute the offender, the following rules apply:
>
> (1) An offense committed in part outside Tennessee may be prosecuted in any county in which an element of the offense occurs.
>
> (2) An offense committed wholly outside Tennessee may be prosecuted in any Tennessee county in which the offender is found.

The Petitioner was convicted of theft of property. "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains *or exercises control* over the property without the owner's effective consent." Tenn. Code Ann. 39-14-103(a) (emphasis added). When the Petitioner was arrested in Shelby County, he was exercising control over a stolen vehicle with the intent to deprive the owner. Accordingly, the trial court had jurisdiction to convict and sentence the Petitioner.

The Petitioner raises additional issues in his brief regarding the trial court's failure to rule upon his pro se motion to dismiss filed prior his guilty plea and the failure to be extradited back to Arkansas. The Petitioner did not raise in his habeas corpus petition. Because he did not raise these issues in the trial court, these issues are waived. See Black v. Blount, 938 S.W.2d 394, 403 (Tenn. 1996).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE